UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIGGS & STRATTON CORPORATION,

    Plaintiff,

v.    Case No. 05-C-0025-C

KOHLER CO.,

    Defendant.

**FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Kohler Co. admits, denies, and states affirmatively to the Court as follows:

### Parties

1. Kohler admits the allegations of paragraph 1.

2. Kohler admits the allegations of paragraph 2.

### Jurisdiction and Venue

3. Kohler admits the allegations of paragraph 3.

4. Kohler admits the allegation of paragraph 4.

5. Kohler admits the allegations of paragraph 5.

## General Allegations

6. Kohler lacks knowledge or information sufficient to form a belief as to the allegation in the first sentence in paragraph 6 and therefore denies it. Kohler admits that a copy of the '166 patent is attached as Exhibit A to the Complaint.

7. Kohler lacks knowledge or information sufficient to form a belief as to the allegation in the first sentence in paragraph 7 and therefore denies it. Kohler admits that a copy of the '502 patent is attached as Exhibit B to the Complaint.

8. Kohler lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 8 and therefore denies them. Kohler admits that Briggs & Stratton is identified as the assignee on the cover pages for both the '166 and '502 patents.

## Claim 1

9. Kohler's answers to paragraphs 1 through 8 are realleged as though fully set forth herein.

10. Kohler denies each and every allegation in paragraph 10.

11. Kohler admits that it had actual notice of the '166 patent at some point prior to the filing of this complaint, but otherwise denies each and every allegation in paragraph 11.

## Claim 2

12. Kohler's answers to paragraphs 1 through 11 are realleged as though fully set forth herein.

13. Kohler denies each and every allegation in paragraph 13.

14. Kohler denies that it had notice of the '502 patent prior to receiving correspondence from Plaintiff's counsel dated January 11, 2005, three days before Briggs & Stratton filed this lawsuit, and otherwise denies each and every allegation in paragraph 14.

## AFFIRMATIVE DEFENSES

15. The '166 and '502 patents are invalid and void for failing to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to, (i) 35 U.S.C. § 102, (ii) 35 U.S.C. § 103, and (iii) 35 U.S.C. § 112.

16. Kohler has not infringed, and is not infringing, any valid claim of the '166 or '502 patents.

## COUNTERCLAIMS

## JURISDICTION AND VENUE

1. The First and Second Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 *et. seq.* There is a justiciable controversy between the parties regarding whether the '166 and '502 patents are invalid or infringed by Kohler. The Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1331 and 1338.

2. The Third and Fourth Counterclaims arise under the Sherman Act, 15 U.S.C. §§ 1 and 2 and the Clayton Act, 15 U.S.C. § 15. Therefore this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337.

3.  The Fifth and Sixth Counterclaims arise under the laws of the State of Wisconsin, but are based on the same factual circumstances as give rise to the Second and Third Counterclaims and are thus so related to those claims that they form part of the same case or controversy. Accordingly, this Court has subject matter jurisdiction over the Fourth and Fifth Counterclaims under 28 U.S.C. § 1367.

4.  This Court has personal jurisdiction over Counterclaim Defendant Briggs & Stratton due to its substantial contacts to this forum, including sales activity and affirmative litigation brought herein.

5.  Venue is proper in this Court under 28 U.S.C. § 1391. Defendant cannot complain of inconvenience given its having brought affirmative suit in this judicial District.

## FIRST COUNTERCLAIM

### (Non-Infringement)

6.  Counterclaim Plaintiff Kohler repeats and incorporates by reference the allegations of paragraphs 1, 4-5 above.

7.  United States Patent No. 6,382,166 (the "'166 patent") entitled "Balancing System Using Reciprocating Counterbalance Weight" was issued by the United States Patent and Trademark Office on May 7, 2002.

8.  Briggs & Stratton has alleged in its complaint that Kohler is manufacturing, selling, and offering for sale within the United States, a single-cylinder internal combustion engine that infringes the '166 patent.

9. The '166 patent is invalid and void for failing to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to, (i) 35 U.S.C. § 102, (ii) 35 U.S.C. § 103, and (iii) 35 U.S.C. § 112.

10. Kohler has not infringed, and is not infringing, any valid claim of the '166 patent.

11. Unless Briggs & Stratton is enjoined, Kohler believes that Briggs & Stratton will continue to assert that Kohler is infringing the '166 patent by manufacturing, selling, and offering for sale within the United States, its single-cylinder internal combustion engines and will continue to interfere with Kohler's business with respect to such products.

## SECOND COUNTERCLAIM

### (Patent Invalidity)

12. Counterclaim Plaintiff repeats and incorporates by reference the allegations in paragraphs 1, 4-5, and 6-11 above.

13. United States Patent No. 6,460,502 (the "'502 patent") entitled "Engine Cylinder Head Assembly" was issued by the United States Patent and Trademark Office on October 8, 2002.

14. Briggs & Stratton has alleged in its complaint that Kohler is manufacturing, selling, and offering to sell within the United States, a single-cylinder internal combustion engine that infringes the '502 patent.

15. Kohler has not infringed, and is not infringing, any valid claim of the '502 patent.

16. The '502 patent is invalid and void for failing to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to, (i) 35 U.S.C. § 102, (ii) 35 U.S.C. § 103, and (iii) 35 U.S.C. § 112.

17. Unless Briggs & Stratton is enjoined, Kohler believes that Briggs & Stratton will continue to assert that Kohler is infringing the '502 patent by manufacturing, selling, and offering to sell in the United States, its single-cylinder internal combustion engines and will continue to interfere with Kohler's business with respect to such products.

## THIRD COUNTERCLAIM

### (Sherman Act § 2)

18. Counterclaim Plaintiff repeats and incorporates by reference the allegations in paragraphs 2, 4-5 above.

19. Briggs & Stratton and Kohler are competitors in the market for the manufacture and sale in the United States of engines used in consumer lawn tractors (the "relevant market").

20. At all material times, Briggs & Stratton has had monopoly power in the relevant market. This monopoly power is demonstrated by, among other things, the market share possessed by Briggs & Stratton as well as by significant barriers to entry, including the investment, technology, and business reputation necessary to manufacture and market the products in the relevant market.

21. Briggs & Stratton has willfully maintained its monopoly power in the relevant market by illegal anticompetitive and exclusionary acts affecting a substantial volume of commerce, including but not limited to the following:

   a) bundling rebates Briggs & Stratton pays to both its direct purchasers (original equipment manufacturers that incorporate engines into a consumer lawn tractor) and to retailers that sell completed consumer lawn tractors directly to consumers; and

   b) entering into exclusionary contracts that expressly or effectively require direct purchasers and/or retailers to deal exclusively with Briggs & Stratton and not with its competitors, including Kohler.

22. Briggs & Stratton's actions have been for the purpose and with the effect of successfully obtaining and maintaining monopoly power in the market for engines for consumer lawn tractors and to unfairly and unlawfully exclude competition from that market in violation of the Sherman Act § 2.

23. Briggs & Stratton's monopoly power during the relevant time period has not resulted from superior products or business acumen or competition on the merits, but rather from unlawful anticompetitive conduct.

24. As a result of Briggs & Stratton's illegal and exclusionary conduct, consumers have been and will continue to be harmed by having to pay higher prices for products in the relevant market and by being denied choice.

25. As a result of Briggs & Stratton's conduct, Kohler has been harmed in its business or property through lost sales and profits in an amount to be determined.

26.  Unless Briggs & Stratton is enjoined, Kohler believes Briggs & Stratton will continue to engage in the anticompetitive acts described above, to the detriment of both consumers and Kohler.

## FOURTH COUNTERCLAIM

## (Sherman Act § 1)

27.  Counterclaim Plaintiff repeats and incorporates by reference the allegations in paragraphs 2, 4-5, and 18-26 above.

28.  While possessing monopoly power in the relevant market as described in paragraph 19 above, Counterclaim Defendant Briggs & Stratton has engaged in unreasonable agreements in restraint of trade affecting a substantial volume of commerce, including but not limited to the following:

a) bundling rebates Briggs & Stratton pays to both its direct purchasers (original equipment manufacturers that incorporate engines into a consumer lawn tractor) and to retailers that sell completed consumer lawn tractors directly to consumers; and

b) entering into exclusionary contracts that expressly or effectively require direct purchasers and/or retailers to deal exclusively with Briggs & Stratton and not with its competitors, including Kohler.

29.  Due to the illegal acts of Briggs & Stratton in restraint of trade, Counterclaim Plaintiffs have been harmed in their business and property through lost sales and profits in an amount to be determined at trial.

30. Unless Briggs & Stratton is enjoined, Kohler believes Briggs & Stratton will continue to engage in the anticompetitive acts described above, to the detriment of both consumers and Kohler.

### FIFTH COUNTERCLAIM

### (Wisconsin Antitrust Laws)

31. Counterclaim Plaintiff repeats and incorporates by reference the allegations in paragraphs 3, 4-5, and 18-30 above.

32. The actions as alleged above violate the provisions of the Wisconsin antitrust laws, Wis. Stat. §§ 133.03, .04, .05 .14 & .18.

33. Due to the illegal acts of Briggs & Stratton in violation of the Wisconsin antitrust laws, Counterclaim Plaintiffs have been harmed in their business and property through lost sales and profits in an amount to be determined at trial.

34. Unless Briggs & Stratton is enjoined, Kohler believes Briggs & Stratton will continue to engage in the anticompetitive acts described above, to the detriment of both consumers and Kohler.

### SIXTH COUNTERCLAIM

### (Wisconsin Common Law)

35. Counterclaim Plaintiff repeats and incorporates by reference the allegations in paragraphs 3, 4-5, and 18-34 above.

36. The actions alleged above constitute unfair competition in violation of the common law of the State of Wisconsin.

37. Among other things, at all times relevant hereto, Kohler had a reasonable probability of deriving economic benefit from ongoing and prospective business relationships with third parties involving the sale of products to those third parties

38. Counterclaim Defendant had knowledge of Kohler's relationships and prospective business advantage.

39. Counterclaim Defendant knowingly and without justification or excuse interfered with Kohler's relationships with its customers and prospective customers, causing harm to those relationships.

40. Counterclaim Defendant's actions in violation of the common law of the State of Wisconsin have caused Kohler to incur economic loss in an amount to be determined at trial.

WHEREFORE, Kohler asks the Court to enter judgment as follows:

a. Dismissing the Complaint in its entirety with prejudice;

b. Entering a declaratory judgment that the '166 and '502 patents are invalid.

c. Entering a declaratory judgment that Kohler does not now and has not in the past infringed any valid claim of the '166 or '502 patents;

d. Enjoining Briggs & Stratton from continuing to assert that Kohler is infringing the '166 and 502 patents.

e. Finding that this is an exceptional case under 35 U.S.C. § 285 and awarding Kohler its attorneys' fees;

f.  Awarding Kohler damages sufficient to compensate it for Briggs & Stratton's violations of the Sherman Act, trebled pursuant to the Clayton Act, 15 U.S.C. § 15 and Wis. Stat. § 133;

g.  Enjoining Briggs & Stratton from continuing to violate the Sherman Act and Wis. Stat. § 133;

h.  Awarding Kohler the costs of this action; and

i.  For such further relief as the Court may deem appropriate.

Dated this 15th day of April, 2005.

David J. Harth
Charles G. Curtis, Jr.
David E. Jones
Christopher G. Hanewicz
Heller Ehrman LLP
One East Main Street, Suite 201
Madison, WI 53703
(608) 663-7460

Attorneys for Defendant Kohler Co.